**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

| | | |
|---|---|---|
| **GEORGE MILLION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No.3:22-cv-453-TRM-JEM** |
| **DAVID B. RAUSCH, Director of the** | ) | |
| **Tennessee Bureau of Investigation, in his** | ) | |
| **official capacity,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

---

## RESPONSE IN OPPOSITION TO MOTION TO ADMINISTRATIVELY STAY CASE

---

The Defendant in this case, the Director of the Tennessee Bureau of Investigation, David Rausch ("Defendant"), has moved to stay (the "Motion") this case solely on the grounds that an appeal has been taken in a case involving similar facts and law. The appeal was taken from the U.S. District Court for the Middle District of Tennessee, and is now lodged in the Sixth Circuit in *Doe #1 v. Lee*, No. 23- 5248 (6th Cir.) (the "Appeal"). The Plaintiff in this case, George Million ("Plaintiff"), is strongly opposed to the requested stay, for the reasons set forth herein.

### ARGUMENT

The main fallacy underlying Defendant's push to stay this case, as well as several others pending in U.S. District courts in Tennessee, is the highly speculative proposition that the Appeal will result in an opinion dispositive of the outcomes in all these cases. As will be seen, there is nothing to support that assumption. Accordingly, Defendant cannot meet his burden of showing

a "pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Environmental Council v. United States District Court, S. Dist. of Ohio*, 565 F.2d 393,396 (6th Cir. 1977).

The Defendant's level of confidence that the Appeal will resolve the issues before the Court in the instant case is not as high as portrayed in the Motion and accompanying supporting memorandum (the "Memorandum"). Prior to the recent telephonic scheduling conference in this case, Defense counsel proposed that the parties mutually agree to a stay because of the Appeal and suggested that it would benefit all parties involved as the result would most likely be dispositive of this case. When undersigned counsel countered that in exchange for the Plaintiff agreeing to a stay the Defendant should agree that the case at bar be entirely governed by the outcome of the Appeal, the Defense demurred. As the Court may recall, this scenario was repeated when the issue of a stay was discussed during the scheduling conference. When undersigned counsel for Plaintiff questioned Defense counsel's willingness to allow the Appeal to determine disposition of the case *sub judice*, the Defense at that time explained that there are too many possible outcomes that could result from the Appeal to enter into such an agreement. Plaintiff wholeheartedly agrees with that assessment! Absent such an agreement, the Defense cannot meet his burden of showing (i) a lack of prejudice to the Plaintiff by the attendant delay, or (ii), that judicial economy and efficiency will be served.

The Defendant argues that he "may suffer considerable prejudice" if a stay is not granted. Memorandum, p. 4. The argument goes like this: "If the Defendant prevails in his Sixth Circuit appeal, the decision will benefit his defense against the ex post facto claim in this litigation. Alternatively, if the Sixth Circuit agrees with the district court in *Does #1-9*, it could impact the Defendant's decision to continue this litigation." *Id*. In that one last paragraph on page four of

the Memorandum, the Defense couches his argument in terms of "may" cause prejudice, and "could" impact whether to continue this litigation. Defendant then states that he will suffer "harm" if forced to proceed "in the absence of the *imminent* guidance from the Sixth Circuit." Memorandum, pp. 4-5 (emphasis added). Defendant's definition of "imminent" does not correspond to that contained in the Merriam-Webster Dictionary, where the definition is "ready to take place: happening soon." The Court has set October 2, 2023, as the discovery deadline, and October 30, 2023, as the deadline for filing dispositive motions. The Defendant concedes that "[i]t is likely that both deadlines will have passed before the Sixth Circuit rules on the appeal in *Does #1-9*." Memorandum, p. 2. Guidance from the Sixth Circuit, to the extent it is coming, is most assuredly *not imminent*! Which segues to Plaintiff's next contention, and that is Defendant's unwillingness to follow guidance from the Sixth Circuit.

The *Does #1-5 v. Snyder*, 834 F.3d 696 (2016) case was decided seven years ago. It is dispositive of the very issue raised by the Defendant in the Appeal. Notwithstanding that fact, the Tennessee Attorney General's Office (the "AGO") has refused to follow *Snyder*, even though it has been repeatedly relied on by District Court's across Tennessee as "binding precedent" on the issue of the application of the ex post facto clause to the Tennessee Sexual and Violent Sexual Offender Registration, Verification and Tracking Act of 2004 (the "Act"). If the AGO is looking for guidance, simply read *Snyder*. Unfortunately, the AGO has demonstrated a penchant for ignoring the dictates of *Snyder* to defend the Act, a flawed legislative scheme that has essentially become indefensible. The initial strategy of the AGO in defending against claims that the Act violates the ex post facto clause, was to insist that plaintiffs prove that the Act as-applied to them inflicted punishment. When this strategy failed, the AGO has more recently argued that Snyder was wrongly decided and should not be relied on as precedent. It is noteworthy that *Snyder* is

nowhere cited in the Memorandum. Why is that? It is probably due to the fact that in the Sixth Circuit one appellate panel is not permitted to overturn a decision by a prior panel. *Salmi v. Secretary of Health and Human Servs*. 774 F.2d 685, 689 (6ᵗʰ Cir. 1985). "The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." *Id*. Thus, the only way the Defendant can prevail on appeal is to convince the Sixth Circuit to grant an en banc appeal, or failing that, successfully petition the U.S. Supreme Court to grant a writ of certiorari. En banc review in the Sixth Circuit is extraordinary and disfavored, not to mention rare. Bailey Wharton, *En Banc in the Sixth Circuit: A Rarely Used But Important Procedure,* U. CIN. L. REV. Blog (Oct. 15, 2021), https://uclawreview.org/2021/10/15/en-banc-in-the=sixth-circuit-a-rarely-used-but-important-procedure/. Success in seeking *certiorari* review in the Supreme Court is rarer, between one and two percent; therefore, the chances of the Appeal significantly changing the landscape of the existing body of law that started with *Snyder* is *de minimis*. U. MICH. L. LIBRARY, *U.S. Supreme Court Research Guide: Overview*, Feb. 8, 2023. That is why the Defendant's argument about "the need to preserve the resources of the Court and the parties" rings hollow. It is more likely that those same resources will ultimately be expended. This case can proceed in an orderly fashion today pursuant to the recently entered Scheduling Order, or it can resume progress when the Appeal has ended. Either way, the same resources will be consumed. If the issues in the Appeal were questions of first impression, then a stay would make more sense; however, with those issues having already been decided by the Sixth Circuit in *Snyder*, a stay is not warranted.

The most troubling aspect of Defendant's Memorandum is the presumptuous assertion that granting the requested stay poses "little or no risk of prejudice to Plaintiff." Memorandum, p. 5.

If the stay is granted and the Appeal is resolved in favor of the appellees, which is likely, then up to a year will have passed and the Plaintiff will be no closer to a resolution than he is today. Lawyers live with pending cases all of their careers, but the lives of laypersons embroiled in court proceedings are disrupted while the cases are pending. Perhaps that explains the adage, "justice delayed is justice denied."

Finally, the Defendant cites to six Orders in other pending cases (the "Orders") where stays have been entered, as persuasive authority that this Court should grant a stay over Plaintiff's objection. Memorandum, p.5. The Defendant fails to mention that all the stays in those other cases were by agreement; nor does the Defendant mention that the plaintiffs' motivation for agreeing to stays in those cases was that in exchange for that agreement the Defendants withdrew opposition to orders granting preliminary injunctions. Plaintiff is not suggesting there is anything wrong with proceeding in that manner. The plaintiffs in those cases obtained an important concession that made agreeing to a stay palatable. There would be little incentive otherwise for agreeing to the stay asked for by the AGO. The Plaintiff herein has already obtained preliminary relief and is anxious to move forward to a conclusion on the merits. The Orders do not counsel in favor of a stay over Plaintiff's objection.

**CONCLUSION**

The Defendant has not carried his burden of showing a "pressing need for delay," nor has he demonstrated that the Plaintiff will not "suffer harm from the delay." Memorandum, p.2, citing *Landis v. N. A. Co*., 299 U.S. 248, 254 (1936). The other cases in which stays have been ordered were by agreement, not based on an analysis of the merits of whether a stay was appropriate, but rather they were based on a *quid pro quo*. The Plaintiff maintains that there is harm inherent in

having to wait for his case to proceed based on the speculative assumption that the Appeal will be dispositive of what the conclusion in this case should be. Realistically, it is more likely that the outcome of the Appeal will not change the outcome of the case at bar. For all these reasons, the Motion should be denied.

Respectfully submitted,

LAW OFFICE OF WILLIAM S. LOCKETT, JR.

s/ William S. Lockett, Jr.
BPR#010257
2816 Rocking Chair Way
Knoxville, Tennessee 37931
(865) 237-1886
soaperlockett@gmail.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was filed and served by operation of the Court's ECF/PACER system on this the 15th day of May, 2023.

s/ William S. Lockett, Jr.
2816 Rocking Chair Way
Knoxville, Tennessee 37931
(865) 237-1886
soaperlockett@gmail.com
*Counsel for Plaintiff*