UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| GEORGE MILLION, | ) | |
|---|---|---|
| | ) | Case No. 3:22-cv-453 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Jill E. McCook |
| DAVID B. RAUSCH, Director of the Tennessee Bureau of Investigation, in his official capacity, | ) ) ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's motion to administratively stay the case until the United States Court of Appeals for the Sixth Circuit adjudicates *Does #1–9 v. Lee*, No. 23-5248 (6th Cir. Mar. 28, 2023) (Doc. 37). Plaintiff George Million filed a response in opposition (Doc. 40). For the reasons that follow, the Court will **DENY** the motion (Doc. 37).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Nonetheless, "a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Env't Couns. v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). Accordingly, a court must "weigh competing interests and maintain an even balance" when deciding whether to stay a case. *Landis*, 299 U.S. at 254-55 (citations omitted). "[T]he burden is on the party seeking the stay to

show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Env't Couns.*, 565 F.2d at 396.

While the Court acknowledges that resolution of the pending appeal in *Does #1–9*—a case addressing many of the same legal questions at issue in the present matter—is likely to inform this case's trajectory, it agrees with Plaintiff that "Defendant cannot meet [its] burden of showing a 'pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order.'" (Doc. 40, at 1–2 (quoting *Ohio Env't Couns.*, 565 F.2d at 396).) Plaintiff expresses concern that, given Defendant's track record of questioning binding Sixth Circuit precedent, nothing is to prevent it from doing the same in the event of an adverse outcome of *Does #1*–9. (*Id.* at 3 ("[T]he [Government] has demonstrated a penchant for ignoring the dictates of [*Does #1-5 v. Snyder*, 834 F.3d 696 (2016)] to defend the [Tennessee Sexual and Violent Sexual Offender Registration, Verification and Tracking Act of 2004.]").) For this reason, Plaintiff argues he reaps no benefit—and, rather, suffers harm by way of significant delay in resolving his claims against Defendant—in agreeing to administratively stay the case. (*Id.* at 4–5.) And though Defendant claims it will be prejudiced if its motion is denied, it represented to the Court during the scheduling conference that it intends to engage in relatively minimal discovery consisting only of a deposition and some written discovery from Plaintiff. (Doc. 38, at 4; Doc. 43, at 2.)

2

Case 3:22-cv-00453-TRM-JEM   Document 44   Filed 05/26/23   Page 2 of 3   PageID #: 530

Considering the above interests, the Court does not find that an indefinite stay is warranted. As a result, Defendant's motion to administratively stay the case (Doc. 37) is hereby **DENIED**.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**