UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| GEORGE MILLION, | ) | |
|---|---|---|
| | ) | Case No. 3:22-cv-453 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Jill E. McCook |
| DAVID B. RAUSCH, Director of the | ) | |
| Tennessee Bureau of Investigation, in his | ) | |
| official capacity, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM AND ORDER**

Before the Court are Defendant David Rausch's and Defendants Tom Spangler and Knox County Sherriff Office's ("KCSO") motions to dismiss (Docs. 90, 94). For the following reasons, the Court will **GRANT IN PART** and **DENY IN PART** Defendant Rausch's motion (Doc. 90). The Court will also **GRANT IN PART** and **DENY IN PART** Defendant Tom Spangler and KCSO's motion (Doc. 94).

**I.    BACKGROUND**

Plaintiff George Million filed the present action on December 19, 2022. (Doc. 1). In his complaint, Plaintiff alleged that various provisions of the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004 were unconstitutional ("SORVTA"). (*See id.* at 1, 40–43.) Plaintiff moved for a preliminary injunction on December 27, 2022 (Doc. 8), and the Court enjoined Defendant Rausch and the Tennessee Bureau of Investigation ("TBI") from enforcing SORVTA against Plaintiff on February 10, 2023. (Doc. 22.) Defendant Rausch filed a motion to dismiss some of the claims in Plaintiff's complaint on

1

February 21, 2023 (Doc. 23), and the Court dismissed all of Plaintiff's claims except the "ex post facto claim, as-applied First Amendment challenge, and due-process challenges." (*See* Doc. 35, at 21.) After the parties moved for summary judgment (Docs. 50, 52), the Court stayed the case pending a decision from the Sixth Circuit in *Doe v. Lee*, 102 F.4th 330 (6th Cir. 2024). (*See* Doc. 56.) The Court has since lifted the stay (*see* Doc. 62), and Plaintiff added Sheriff Tom Spangler and KCSO as Defendants to the suit (*see* Doc. 63). Plaintiff sues Defendant Spangler in his official capacity. (*See* Doc. 86, at 8.) Plaintiff's third amended complaint is now the operative pleading in this matter, and he seeks an injunction prohibiting Defendants from enforcing SORVTA against him. (*See id.* at 46–47.)

Defendant Rausch filed a motion to dismiss on February 21, 2025. (Doc. 90.) He argues that Plaintiff (1) lacks standing (*see* Doc. 91, at 3–5), (2) fails to sufficiently allege a violation of the Ex Post Facto Clause (*id.* at 6–14), (3) fails to allege a violation of the Due Process Clause (*id.* at 15–20), and (4) fails to allege a First Amendment violation (*id.* at 20–23). Defendants Spangler and KCSO filed a motion to dismiss on March 7, 2025, incorporating Defendant Rausch's arguments. (*See* Doc. 94.) In response, Plaintiff conceded the claims in his third amended complaint that the Court dismissed previously, leaving his ex post facto challenge, as-applied First Amendment challenge, and due process challenges for vagueness and impossibility. (*See* Doc. 92, at 3; Doc. 35.) The arguments pertaining to Plaintiff's remaining claims are ripe for review.

## II. STANDARD OF LAW

### A. Rule 12(b)(1)

Rule 12(b)(1) "permits a party to move to dismiss for lack of subject-matter jurisdiction." *Igal v. U.S. Consulate Gen. in Johannesburg*, No. 2:23-CV-4160, 2024 WL 2882653, at *2 (S.D.

Ohio June 7, 2024). A party may challenge subject-matter jurisdiction by a facial or factual attack. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012). A court must take all factual allegations in the complaint as true when analyzing a facial attack, as with a 12(b)(6) motion. *Id.* "A court is obligated to dismiss an action in the absence of subject matter jurisdiction, either on its own motion or by suggestion of a party." *Linboe v. City-County Federal Credit Union*, No. 3:06-cv-257, 2006 WL 2708323, at *2 (E.D. Tenn. Sept. 19, 2006). A dismissal for lack of subject-matter jurisdiction must be without prejudice, as a court without jurisdiction "has no power but to dismiss the case" and "it may not address the merits." *Taylor v. Owens*, 990 F.3d 493, 496 (6th Cir. 2021).

### B. Rule 12(b)(6)

Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Though the statement need not contain detailed factual allegations, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

A defendant may obtain dismissal of a claim that fails to satisfy Rule 8 by filing a motion pursuant to Rule 12(b)(6). On a Rule 12(b)(6) motion, the Court considers not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct." *Id.* at 679. For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). This assumption of veracity, however, does not extend to bare assertions of legal

3

conclusions, *Iqbal*, 556 U.S. at 679, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

After sorting the factual allegations from the legal conclusions, the Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. This factual matter must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. ANALYSIS

### A. Standing

#### i. Defendant Rausch

Defendant Rausch brings a facial attack on the Court's subject-matter jurisdiction, (*see* Doc. 91, at 1–5), arguing that Plaintiff does not have standing to sue him because the alleged constitutional violations are not traceable to him. (*See id.* at 4–5.) Specifically, Defendant Rausch asserts that Plaintiff fails to adequately plead that he enforces any allegedly unconstitutional portions of SORVTA, as Defendant Rausch (1) "does [not] charge violations of state law or prosecute crimes" (*id.* at 4), (2) "is not involved in [Plaintiff's SORVTA] registration process" (*id.*), (3) "does not control what restrictions other states or countries place on sex offenders visiting their jurisdictions," (*id.*), (4) does not enforce SORVTA's geographic

4

Case 3:22-cv-00453-TRM-JEM   Document 97   Filed 04/29/25   Page 4 of 17   PageID #: 1049

restrictions (*id.* at 5), and (5) exercises his "limited record-keeping powers" in a manner that "does not violate the Ex Post Facto Clause" (*id.*).

"To establish Article III standing, a plaintiff must show that (1) he or she has suffered an 'injury in fact' that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Doe v. Rausch*, No. 3:24-CV-01403, 2025 WL 57711, at *7 (M.D. Tenn. Jan. 9, 2025) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)).

In *Doe v. Lee*, the Sixth Circuit Court of Appeals evaluated an ex post facto challenge to SORVTA after the district court issued an injunction preventing Governor Bill Lee and Defendant Rausch from enforcing the act against the plaintiffs. *See* 102 F.4th 330, 333 (6th Cir. 2024). The court of appeals held that the plaintiffs did not have standing to sue Governor Lee. *Id.* at 336. The plaintiffs, however, had standing to sue Defendant Rausch, who "is subject to suit and possible injunction regarding those portions of Tennessee's statutes that come under his responsibility or enforcement authority." *Id.* The court of appeals, nonetheless, explained that the plaintiffs only had standing to seek an injunction prohibiting Defendant Rausch from enforcing "[t]he potentially unconstitutional portions" of SORVTA. *See id.* at 341–42. The court further explained that Defendant Rausch's responsibilities under SORVTA "fall squarely within the legitimate regulatory scheme which Tennessee is constitutionally allowed to provide and maintain," and that the "potentially unconstitutional portions . . . are enforced by a diffusion of state officers and prosecutors[.]" *Id.* at 341. Nonetheless, the court could not "say with finality that Director Rausch does not enforce any unconstitutional provisions" of SORVTA, and

5

that "to the extent his office categorizes registrants based on the crime of their conviction and without an individualized assessment," this could warrant injunctive relief. *See id.* at 341–42.

In response to Defendant Rausch's motion to dismiss, Plaintiff argues that he "has set forth allegations regarding Plaintiff's classification by the TBI without any individualized assessment as to his present dangerousness." (Doc. 92, at 5.) Plaintiff specifically cites portions of his third amended complaint (*see id.*), in which he alleges that: (1) "Plaintiff was never convicted of any crime and yet he was arbitrarily classified by the TBI as a 'violent sexual offender'" (Doc. 86, at 7–8), (2) "[a] registrant's classification is based solely on the offense of conviction" under Tennessee Code Annotated § 40-39-202(10), (19), (20), (30) & (31) (*id.* at 19), (3) "[a] registrant's classification is not based on, and does not correspond to, an individualized assessment of a registrant's actual risk of re-offending or the danger any registrant poses to the public," (*id.* at 20), (4) Plaintiff was charged, but not convicted, with lewd and lascivious conduct in the presence of a minor in Florida and "[t]he equivalent of that offense in Tennessee is indecent exposure, which is not a sexual offense under Tennessee law except upon a third or subsequent conviction," (*id.* at 36), and (5) SORVTA "even requires persons convicted of various non-sexual offenses" like "false imprisonment of a minor and kidnapping of a minor require registration as a sex offender" under Tennessee Code Annotated § 40-39-202(20) & (31) (*see id.*). Plaintiff also alleges that the TBI, and therefore, Defendant Rausch, are charged with maintaining the SORVTA registry that includes the classifications described in the statute. (*See id.* at 7 (citing Tenn. Code Ann. § 40-39-204(a) & (d), § 40-39-204(a).)

1. **Ex Post Facto Standing**

Plaintiff sufficiently alleges that Defendant Rausch categorizes SORVTA registrants without an individualized assessment and establishes standing to bring his ex post facto

6

challenge. SORVTA seems to require classification without individualized assessment, as Tennessee Code Annotated § 40-39-202 automatically classifies registrants by different crimes of conviction. Plaintiff cites this provision in his complaint (*see* Doc. 86, at 19) and alleges there is no individualized assessment in SORVTA's classification (*see id.* at 20).[1] Plaintiff also alleges that the TBI classified him pursuant to § 40-39-202. (*See id.* at 8, 25.) Defendant Rausch does not assert that he conducts an individualized assessment as part of his SORVTA duties. (*See* Doc. 91.) The Sixth Circuit identified this as a potential constitutional injury in *Doe v. Lee*,[2] *see* 102 F.4th at 342, and Plaintiff alleges that SORVTA's classifications affect "the minimum length of time that a person must register before requesting termination from the registry, and the frequency of reporting." (Doc. 86, at 19.) Plaintiff also alleges various harms resulting from this reporting requirement. (*See id.* at 24–25.) An injunction prohibiting Defendant Rausch from classifying registrants under § 40-39-202 would offer Plaintiff relief from these harms, as Plaintiff's allegations tie his reporting requirements and their resulting harms to his SORVTA

---

[1] The Court notes the Tennessee legislature amended SORVTA on March 25, 2025, and the TBI is now authorized to "rely on investigative reports; files of a United States attorney, district attorney general, or other prosecutorial entity; court records; or other credible information" when classifying offenders. *See* S.B. 531, 114th Gen. Assemb., 2025 Sess. (Tenn. 2025). No party has addressed the effect of this amendment (*see* Docs. 91–94), and the Court will not consider its implications here. Plaintiff sufficiently alleges standing to pursue his ex post facto claims regardless of the amendment, as the Court must take his allegations as true at this stage, *see Carrier Corp.*, 673 F.3d at 440, and whether Defendant Rausch performs an individualized assessment under the new amendment likely turns on the factual inquiry that is yet to conclude in this case.

[2] The court in *Doe v. Lee* relied on *Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016), which held that "[a] regulatory regime that severely restricts where people can live, work, and 'loiter,' that categorizes them into tiers ostensibly corresponding to present dangerousness without any individualized assessment thereof, and that requires time-consuming and cumbersome in-person reporting . . . is something altogether different from and more troubling than Alaska's first-generation registry law." *Id.* at 705.

7

classification. Thus, Plaintiff has standing to bring his ex post facto challenge against Defendant Rausch.[3]

## 2. First Amendment Standing

The allegations in Plaintiff's third amended complaint also establish that he has standing to bring his as-applied First Amendment claim against Defendant Rausch. Tennessee Code Annotated § 40-39-203(i)(17) requires SORVTA registrants to include "[a] complete listing of the offender's electronic mail address information, including usernames, any social media accounts the offender uses or intends to use, instant message, other internet communication platforms or devices, and the offender's username, screen name, or other method by which the offender accesses these accounts or websites" on their TBI registration forms. Under § 40-39-203(m), the TBI may share "[r]egistry information regarding all registered offender's electronic mail address information, any instant message, chat or other Internet communication name or identity information" with businesses or organizations that request it. Plaintiff alleges that SORVTA hinders his ability to engage in anonymous political speech and places other various burdens on his speech generally, because the above provisions destroy his anonymity. (*See* Doc. 86, at 30–31.) This is sufficient to allege a constitutional harm. *See Doe v. Lee*, No. 3:21-CV-00028, 2021 WL 1907813, at *16 (M.D. Tenn. May 12, 2021) ("An author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a

---

[3] On remand after *Doe v. Lee*, 102 F.4th 330, the district court still found that Defendant Rausch "was responsible for imposing at least one punitive provision on [the plaintiffs] retroactively," as even though he "does not directly arrest or charge individuals for violating [SORVTA]," he "routinely transmitted to law enforcement information that he reasonably and actually knew would result in officials' treating the plaintiffs as subject to [SORVTA's requirements]." *See Does #1–9 v. Lee*, Case No. 3:21-cv-590, Doc. 155, at 4–5 (M.D. Tenn. Oct. 4, 2024). The court also explained that the plaintiffs were "still entitled to summary judgment on the merits [of their ex post facto claims] as long as [Defendant Rausch] was responsible for imposing at least one punitive provision on them retroactively—which he clearly was." *Id.* at 5–6.

8

publication, is an aspect of the freedom of speech protected by the First Amendment." (internal alteration omitted)) (quoting *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995)). An injunction prohibiting Defendant Rausch and the TBI from collecting and disseminating Plaintiff's online identifiers would redress Plaintiff's alleged injuries, as the two SORVTA provisions outlined above affect his ability to engage in anonymous speech. Accordingly, Plaintiff has standing to bring his as-applied First Amendment challenge against Defendant Rausch.

### 3. Due Process Standing

Plaintiff, however, does not have standing to bring his due-process challenges against Defendant Rausch. In his third amended complaint, Plaintiff alleges that SORVTA imposes obligations that are so vague that he does not understand what they require for compliance. (*See* Doc. 86, at 32–35.) Plaintiff also alleges that SORVTA "imposes criminal liability despite the impossibility of compliance." (*Id.* at 35.) However, Plaintiff makes no allegations that connect Defendant Rausch's SORVTA responsibilities to the obligations he takes issue with. (*See id.* at 32–35.) The Sixth Circuit has held that "a diffusion of state officers and prosecutors" enforce the SORVTA provisions that prevent registrants from "living, working, and traveling within certain areas." *See* Doe v. Lee, 102 F.4th at 341. The SORVTA provisions Plaintiff lists fall into this category, as he cites Tennessee Code Annotated §§ 40-39-203(a)(4), 40-39-203(a)(6), 40-39-211(a) & (d), and 40-39-213(a). (*See* Doc. 86, at 32–35.) These provisions either require Plaintiff to report to his registering agency,[4] or outline requirements which Plaintiff must comply

---

[4] SORVTA defines "registering agency" as a "sheriff's office, municipal police department, metropolitan police department, campus law enforcement agency, the Tennessee department of correction, a private contractor with the Tennessee department of correction or the board." Tenn. Code Ann. § 40-39-202(14).

9

with to avoid criminal prosecution. Plaintiff does not allege that he reports to Defendant Rausch or that Defendant Rausch prosecutes Plaintiff for violations. (*See* Doc. 86, at 7.) While Plaintiff alleges that Defendant Rausch and the TBI issue his SORVTA classification (*see id.* at 8, 25), an injunction affecting Plaintiff's classification process would not remedy the potential harm of criminal liability for violating SORVTA. Accordingly, any injunction against Defendant Rausch would not offer Plaintiff relief for his due-process claims, and he does not have standing to bring them against Defendant Rausch.

        **ii.    Defendant Spangler and KCSO**

        **1.  Ex Post Facto Standing**

Plaintiff has standing to bring his ex post facto claims against Defendant Spangler and KCSO. As with Defendant Rausch, Plaintiff must allege that Defendant Spangler and KCSO[5] enforce the "potentially unconstitutional" provisions of SORVTA to establish standing here. *See Doe v. Lee*, 102 F.4th at 341–42. Plaintiff alleges that KCSO is "responsible for enforcing [SORVTA] violations" and is the agency to which registrants "must initially report and register, periodically report, and report changes as required by [SORVTA]." (Doc. 86, at 8.) Further, Plaintiff alleges that "KCSO is the law enforcement agency that arrested Plaintiff in January of 2022 for violating [SORVTA] by failing to register . . . although all charges were dismissed on December 15, 2023." (*Id.*) Plaintiff also alleges that "a registrant's classification is based solely on the offense of conviction" and that this classification does not correspond to "an individualized assessment of a registrant's actual risk of re-offending or the danger any registrant

---

[5] Plaintiff sues Defendant Spangler in his official capacity (*see* Doc. 86, at 8), meaning Plaintiff's claims against him are also brought against KCSO and vice versa. *See Million v. Rausch*, 671 F. Supp. 3d 851, 859 (E.D. Tenn. 2023) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

10

Case 3:22-cv-00453-TRM-JEM   Document 97   Filed 04/29/25   Page 10 of 17
PageID #: 1055

poses to the public." (*See id.* at 19–20.) Additionally, he alleges that his classification affects his reporting requirements (*see id*. at 36), and that SORVTA imposes geographical restrictions for which Plaintiff could be convicted of a felony for violating. (*See id.* at 35, 37–40.) Taking Plaintiff's factual allegations as true, as is required at this stage, they are sufficient to show standing, as Defendant Spangler and KCSO allegedly enforce "[a] regulatory regime that severely restricts where people can live, work, and loiter, that categorizes them into tiers ostensibly corresponding to present dangerousness without any individualized assessment thereof, and that requires time-consuming and cumbersome in-person reporting[.]" *See Doe v. Lee*, 102 F.4th at 339–40 (quoting *Snyder*, 834 F.3d at 705). An injunction prohibiting KCSO from enforcing any unconstitutional SORVTA provision would remedy Plaintiff's harm, and he has standing to bring these claims.

### 2. First Amendment Standing

Plaintiff also has standing to pursue his as-applied First Amendment claims against Defendant Spangler and KCSO. Plaintiff alleges that he must report any change to his online identifiers to KCSO under Tennessee Code Annotated § 40-39-203(a)(7). (*See* Doc. 86, at 8, 30.) Additionally, Plaintiff alleges that KCSO is responsible for prosecuting SORVTA violations, which would include a failure to report. (*See id.* at 35 (alleging that any SORVTA violation "is a Class E felony" under § 40-39-208(b)).) Plaintiff alleges that SORVTA hinders his ability to engage in anonymous political speech because he must report all online identifiers. (*See id.* at 30–31.) As stated earlier, this is a constitutional harm, *see Doe v. Lee*, 2021 WL 1907813 at *16, and an injunction prohibiting Defendant Spangler and KCSO from enforcing this reporting requirement against Plaintiff would remedy the alleged harm. Accordingly, Plaintiff has standing

to bring his as-applied First Amendment challenge against Defendant Spangler and KCSO at this stage.

### 3. Due Process Standing

Plaintiff has standing to bring his due-process claims against Defendant Spangler and KCSO. Plaintiff alleges that certain reporting requirements under SORVTA "are so vague that Plaintiff did not understand what information must be reported or what changes in information subject him to the in-person, forty-eight hours reporting requirement." (Doc. 86, at 32.) Plaintiff also alleges that he "often cannot know" if he is in compliance with SORVTA's geographic restrictions because "the property boundaries are unknown and the distances are impossible to measure without sophisticated equipment." (*Id.* at 34.) Further, he alleges that § 40-39-213(a) required him "to obtain and maintain a valid driver's license or photo identification" and to "always have the license or identification card in his possession." (*Id.* (internal quotations omitted).) As explained above, Plaintiff alleges that he reports to KCSO and that it enforces SORVTA's requirements. (*See id.* at 8, 35.) Thus, an injunction prohibiting KCSO from enforcing these provisions would remedy Plaintiff's alleged harm and he retains standing to pursue his due-process claims against Defendant Spangler and KCSO.

## B. Failure to State a Claim

In his motion to dismiss, Defendant Rausch also argues that Plaintiff fails to a state a claim upon which the Court could grant relief. (*See* Docs. 90, 91.) He argues that SORVTA (1) does not violate the Ex Post Facto Clause because it is not retroactive (*see* Doc. 91, at 6–11) and not punitive (*see id.* at 11–14), (2) does not impede due process because it is not impermissibly vague (*see id.* at 19–20), and (3) does not violate the First Amendment because Plaintiff "has not

12

alleged a single concrete fact about how the internet reporting requirements affect him personally" (*see id.* at 20–23).

### i. Ex Post Facto Violation

"The United States Constitution prohibits the imposition of ex post facto laws." *Doe v. Lee*, 102 F.4th at 336 (citing U.S. Const. art. I, § 10, cl. 1). "A law qualifies as ex post facto if it changes the legal consequences of acts committed before its effective date." *Id.* (quoting *Doe v. Bredesen*, 507 F.3d 998, 1003 (6th Cir. 2007)) (internal quotations omitted). If a law applies retroactively, a court must consider whether "the intent of the legislature was to impose punishment or to enact a regulatory scheme that is civil and nonpunitive." *Id.* (quoting *Bredesen*, 507 F.3d at 1003) (internal quotations omitted). "If the intent of the legislature was to impose punishment, that ends the inquiry." *Bredesen*, 507 F.3d at 1003. If "the intention was to enact a regulatory scheme that is civil and nonpunitive, [a court must] further examine whether the statutory scheme is so punitive either in purpose or effect as to negate the State's intention to deem it civil." *Id.* (quoting *Kansas v. Hendricks*, 521 U.S. 346, 361 (1997)) (internal quotations and alterations omitted). In examining whether the scheme is punitive or civil, it is relevant "whether the challenged law (1) has been regarded in our history and traditions as a punishment, (2) imposes an affirmative disability or restraint, (3) promotes the traditional aims of punishment, (4) has a rational connection to a nonpunitive purpose, and (5) is excessive with respect to this purpose." *Doe v. Lee*, 102 F.4th at 337 (quoting *Smith v. Doe*, 538 U.S. 84, 97 (2003)) (internal quotations omitted). However, a full analysis of these factors is not necessary here, "because the provisions of [SORVTA] are either the same as or directly mirror those" analyzed by the Sixth Circuit in prior cases. *See id.* at 339.

13

Defendant Rausch first argues that SORVTA does not apply retroactively. (*See* Doc. 91, at 6.) This argument deserves little attention. Plaintiff alleges that the conduct causing his qualification for SORVTA occurred eleven years before SORVTA was enacted. (*See* Doc. 86, at 2.) Plaintiff alleges that he must meet many legal obligations pursuant to SORVTA. (*See* Doc. 86.) "[A] law is [retroactive] if it changes the legal consequences of acts before its effective date." *Bredesen*, 507 F.3d at 1003 (citation and internal quotations omitted); *see also Retroactive Law*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("A legislative act . . . affecting acts or facts that existed before the act came into effect."); *Cutshall v. Sundquist*, 193 F.3d 466, 467 (6th Cir. 1999) (finding that an earlier version of SORVTA applied retroactively when the act "was passed after [the plaintiff] committed his sexual offense" and when the parties agreed that the act "purports to apply to those convicted of sex offenses prior to its enactment"). Thus, SORVTA applies retroactively.

Next, Defendant Rausch argues that SORVTA is not punitive. (*See* Doc. 91, at 11.) Specifically, he asserts that (1) he can disclose SORVTA's registry information publicly "without violating the Ex Post Facto Clause" (*see id.* at 12), (2) Plaintiff's SORVTA classification is not a punishment (*see id.*), (3) SORVTA's registration and reporting requirements are not punitive (*see id.* at 13), and (4) SORVTA's child-access restrictions are not punitive (*see id.* at 14).

In *Doe v. Lee*, the Sixth Circuit held that SORVTA's registration, reporting, and surveillance requirements are constitutionally valid. 102 F.4th at 339. Additionally, "a registry kept by the state and disclosed publicly is constitutionally sound." *Id.* (citing *Smith*, 538 U.S. at 90-91). However, "[a] regulatory regime that severely restricts where people can live, work, and 'loiter,' that categorizes them into tiers ostensibly corresponding to present dangerousness without any individualized assessment thereof, and that requires time-consuming and

14

cumbersome in-person reporting" cannot apply retroactively. *See id.* at 339–40 (quoting *Snyder*, 834 F.3d at 705).

Defendant Rausch correctly asserts that many provisions of SORVTA are constitutional under this holding. (*See* Doc. 91, at 11–14.) Nonetheless, Plaintiff alleges that he is subject to various geographical restrictions that prevent him from knowingly "residing or working within 1,000 feet from the property line of any public school, private or parochial school, licensed day care center, other child care facility, public park, playground, recreation center or public athletic field available for use by the general public." (*See* Doc. 86, at 35, 37–40.) Further, he alleges that it is "difficult even for experts with sophisticated mapping technology" to discern these geographical zones, and that they "severely restrict access to employment and housing and limit registrants' ability to engage in normal human activity." (*Id.* at 39.) Plaintiff also alleges that SORVTA subjects him to various in-person reporting requirements. (*See id.* at 24–25.) "For example, Plaintiff would have to report in person within forty-eight hours if he changes his address, changes jobs, changes his e-mail address, opens a Facebook account, buys or begins using a vehicle, or stops using a vehicle." (*Id.* at 24.) Plaintiff alleges that he is subject to these in-person reporting requirements and geographical restrictions without an individualized assessment of dangerousness. (*See id.* at 20.) This is sufficient to plausibly claim that SORVTA "severely restricts where [Plaintiff] can live, work, and 'loiter,'" and subjects him to onerous in-person reporting requirements without an individual assessment of dangerousness. *See Snyder*, 834 F.3d at 705. Accordingly, Plaintiff sufficiently alleges his ex post facto challenge to SORVTA.

15

Case 3:22-cv-00453-TRM-JEM Document 97 Filed 04/29/25 Page 15 of 17
PageID #: 1060

### ii. First Amendment Violation

When ruling on Defendant Rausch's first motion to dismiss, the Court previously found that Plaintiff "provided enough facts to allege a plausible as-applied First Amendment challenge to [SORVTA]." (Doc. 35, at 14.) The Court explained that Plaintiff cited specific provisions in SORVTA that destroyed his online anonymity, and that he alleged this lack of anonymity would "stymie his online activity" and prevent him from engaging in anonymous political speech. (*See id.*) The Court found that while it was unclear to what degree SORVTA burdened Plaintiff's free speech, "allowing the claim to go forward enables the parties to compile a full factual record from which to resolve the issue." (*Id.*) The allegations in Plaintiff's third amended complaint largely mirror those analyzed in the Court's prior order. (*Compare* Doc. 86, at 29–31 *with* Doc. 7, at 28–29.) The Court sees no reason to alter its prior conclusion considering the current posture of the case, as like before, it cannot rely on a factual record to determine the extent to which SORVTA burdens Plaintiff's speech. Accordingly, Plaintiff sufficiently alleges his as-applied First Amendment claims.

### iii. Due Process Violation

The Court also previously considered Plaintiff's due-process arguments concerning vagueness and impossibility. (*See* Doc. 35, at 19–21.) It found that Plaintiff "pled sufficient facts to plausibly allege that the Act may criminalize passive behavior without actual knowledge, may be unconstitutionally vague in its delineation of exclusion zones, and may contain provisions with which compliance is impossible." (*Id.* at 20.) Plaintiff alleged that "the property boundaries of exclusion zones are 'impossible for ordinary people to identify]' and identification is difficult 'even for experts with sophisticated mapping technology' due to the zones' irregular shaping and that the zones 'can change on a moment's notice' with a child's sudden presence."

(*Id.* (internal alterations omitted).) Plaintiff also alleged that by SORVTA's language, "his 'mere presence' in an indefinable exclusion zone provides probable cause for his arrest." (*Id.*) The Court again found these claims to be fact-dependent and concluded that "a more developed record is required for the Court to ascertain the ease (or lack thereof) with which registrants are able to comply with the [SORVTA's] provisions." (*Id.*) Plaintiff's allegations in his third amended complaint concerning these claims are essentially the same as those the Court considered before. (*Compare* Doc. 86, at 37–40 *with* Doc. 7, at 36–37.) For the same reasons, the Court again finds that Plaintiff sufficiently alleges his due-process claims for imposition of criminal liability without knowledge, for vagueness, and for impossibility.[6]

## IV. CONCLUSION

For the foregoing reasons, Defendant Rasuch's motion to dismiss (Doc. 90) and Defendant Spangler and KCSO's motion to dismiss (Doc. 94) are **GRANTED IN PART** and **DENIED IN PART**. All of Plaintiff's conceded claims (*see* Doc. 92, at 3) are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's due-process claims against Defendant Rausch are **DISMISSED WITHOUT PREJUDICE** for lack of standing. Plaintiff's ex post facto claims and as-applied First Amendment claims against Defendant Rausch remain. Plaintiff's ex post facto claims, as-applied First Amendment claims, and due-process claims for vagueness and impossibility against Defendant Spangler and KCSO remain.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[6] The Court notes that these claims will proceed against Defendant Spangler and KCSO rather than Defendant Rausch. *See supra*, Section III.A.i.3.